Filed 5/25/22  P. v. Karapetyan CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092660 |
| Plaintiff and Appellant, | (Super. Ct. No. 03F07499) |
| v. | |
| GAGIK KARAPETYAN, | |
| Defendant and Respondent. | |

The trial court granted defendant Gagik Karapetyan's petition for resentencing after an evidentiary hearing under Penal Code section 1170.95.[1]  The People appeal the decision, contending the trial court imposed on the prosecution the wrong burden of proof when it required the prosecution to establish beyond a reasonable doubt that the jury at defendant's trial actually relied on a now-valid theory of murder to find defendant guilty, rather than considering whether defendant could currently be convicted under a now-

---

[1]  Undesignated statutory references are to the Penal Code.

1

valid theory of murder. While this appeal was pending, the Legislature passed Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), which clarified the applicable burden of proof in section 1170.95 hearings. Consistent with this legislation, and for the reasons explained below, we will reverse the order granting the petition and remand the case for further proceedings.

BACKGROUND

We granted defendant's motion to incorporate the record and opinion from the direct appeal of his conviction (case No. C048289) into the record here. In 2003, defendant and others were barbequing at an auto auction. (*People v. Karapetyan* (2006) 140 Cal.App.4th 1172, 1175.)[2] The victim came to the area with several others and the two groups argued. (*Ibid.*) Defendant and others, including defendant's sons, chased the victim and beat him. (*Ibid.*) Defendant had a gun but did not fire it. One of defendant's sons had "something sharp" in his hand. At some point during the fight, there was blood on the victim's back. The victim ran across the street and collapsed. The victim died of stab wounds to his chest and back.

A jury convicted defendant of second degree murder but found not true a firearm enhancement allegation. The trial court sentenced defendant to 15 years to life in prison. (*People v. Karapetyan, supra*, 140 Cal.App.4th at p. 1176.)

In 2019, defendant filed a petition for resentencing under section 1170.95, asserting he was prosecuted for and convicted of murder under the natural and probable consequences doctrine, and could not now be convicted of murder because of the changes made to sections 188 and 189, effective January 1, 2019. The trial court appointed

---

[2] Defendant argues we should reconstruct the factual record from the original testimony at defendant's trial rather than relying on the recitation of facts in this court's opinion on direct appeal. Because the issues raised on appeal are primarily legal and do not rely on the underlying facts of defendant's case, except as understood by the trial court, we provide a short summary of facts drawn from both sources merely for context.

counsel and received briefing from the parties. The trial court determined defendant had stated a prima facie case, issued an order to show cause, and set an evidentiary hearing. The trial court also requested briefing on the theories under which defendant could still be convicted of murder and the evidence supporting those theories.

Both parties submitted briefing as requested. At the evidentiary hearing, the trial court explained that the jury instructions given at trial allowed the jury to find defendant guilty of murder under a theory that defendant was the actual killer, a direct aider and abettor to the murder, or that he was a participant in the target offense of assault, the natural and probable consequence of which was murder. Discussing the three theories in the context of section 1170.95, the trial court stated it was convinced "beyond a reasonable doubt for guilt under [the natural and probable consequences doctrine] . . . but that theory is illegal now. It's invalid. So I ask myself: Can I make that same finding, and be convinced beyond a reasonable doubt of guilt on one of the still valid theories?" The trial court proceeded to discuss indications about which theory the jury relied on to find defendant guilty, including the questions the jury asked during deliberations and the timing of the deliberations.

After the hearing, defendant submitted additional briefing and the trial court issued a written order granting the petition. The trial court recited the facts based on its review of the record and then explained the standard of review, saying, "a petitioner is ineligible for resentencing when the jury based its guilty verdict on a still valid theory. So under section 1170.95, the prosecution must prove beyond a reasonable doubt that the jury based its guilty verdict on a valid theory." The trial court compared the standard to that applied in *People v. Chiu* (2014) 59 Cal.4th 155, 167, in which the Supreme Court explained, "[w]hen a trial court instructs a jury on two theories of guilt, one of which was legally correct and one legally incorrect, reversal is required unless there is a basis in the record to find that the verdict was based on a valid ground."

3

The trial court then reviewed the questions posed by the jury during its deliberations. In particular, the trial court noted that the jury asked a question about the natural and probable consequences doctrine and reached a verdict after receiving a response to that question. The trial court concluded that "[t]hese circumstances indicate the jury's verdict that [defendant] was guilty of murder was based on the [natural and probable consequences] theory. [¶] Accordingly, the prosecution has failed to prove beyond a reasonable doubt that the jury convicted [defendant] on either the direct perpetrator or direct aider and abettor theory. In other words, the prosecution has failed to carry its burden under section 1170.95, subdivision (d) that [defendant] is ineligible for resentencing." The trial court rejected the prosecution's argument that there was sufficient evidence to find defendant guilty under a direct aider or abettor theory, saying, "where there is solid evidence of the actual basis for the jury's verdict—as there is here— it would be inappropriate for the court to assess the sufficiency of the evidence related to theories the jury either rejected or did not reach."

The trial court vacated defendant's conviction, resentenced him to the upper term of four years on the target offense of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)), and determined he had served his time. The prosecution filed a timely notice of appeal.

DISCUSSION

I

As a threshold issue, defendant contends the People are not entitled to appeal the trial court's decision. Defendant argues we lack jurisdiction to consider the appeal because the trial court's order does not fall within the limits of section 1238, which delineates the matters from which the People may appeal. In addition, defendant claims the appeal implicates the double jeopardy clauses of the Fifth Amendment to the U.S. Constitution and of the California Constitution, both of which prohibit "a second prosecution for the same offense after acquittal, a second prosecution for the same

4

offense after conviction, and multiple punishments for the same offense." We will address each argument in turn.

## A

Defendant argues no part of section 1238 permits the prosecution to appeal a judgment based on a trier of fact's determination that the prosecution had not met a statutory burden of proof for criminal liability. Because an order granting relief under section 1170.95 constitutes such a judgment, defendant claims, the People have no statutory right to appeal the order. The People assert the trial court's order is appealable under section 1238, subdivision (a)(5), which permits appeal from "[a]n order made after judgment, affecting the substantial rights of the people." We agree with the People.

This court recently considered the issue in *People v. Hampton* (2022) 74 Cal.App.5th 1092, 1102, concluding that a "trial court's order finding defendant entitled to relief under section 1170.95 is appealable under section 1238, subdivision (a)(5)" because it occurs after judgment and results in a substantial modification of the judgment. We see no reason to depart from the reasoning of that decision here, and conclude the trial court's order was appealable. Similar to *Hampton*, we need not reach the parties' arguments with respect to section 1238, subdivision (a)(6).

## B

Defendant contends the People's appeal violates the double jeopardy clauses of the United States and California Constitutions because an evidentiary hearing under section 1170.95 "constitutes a bench trial on the question of whether the prosecution can prove, beyond a reasonable doubt, that the defendant is guilty of murder under the current versions of [] sections 188 and 189." Thus, the argument goes, the grant of the section 1170.95 petition "is the legal equivalent of an acquittal," and the prosecution should not be entitled to "another trial on the question of whether [defendant] is guilty of murder under the new laws." We disagree.

"Under both the federal and state Constitutions, the double jeopardy clause 'serves principally as a restraint on courts and prosecutors.' " (*People v. Fields* (1996) 13 Cal.4th 289, 298.) " 'The underlying idea . . . is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' Decisions under the double jeopardy clause of the California Constitution likewise recognize the defendant's interest in avoiding both the stress of repeated prosecutions and the enhanced risk of erroneous conviction." (*Ibid*.) " '[W]here there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended.' " (*People v. Statum* (2002) 28 Cal.4th 682, 693.)

"An evidentiary hearing under section 1170.95, however, does not implicate double jeopardy because section 1170.95 'involves a resentencing procedure, not a new prosecution.' [Citation.] The retroactive relief provided by section 1170.95 is a legislative 'act of lenity' intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment that could implicate the double jeopardy clause. [Citations.] And even if a section 1170.95 evidentiary hearing were akin to a 'reprosecution' [citation] for purposes of the double jeopardy clause, prohibitions against double jeopardy do not prevent a retrial where 'a conviction is not reversed on appeal for insufficient evidence but because of a retroactive change in the law [such as section 1170.95].' " (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 111.) We agree with the appellate court in *Hernandez* that an evidentiary hearing under section 1170.95 poses "no threat of either multiple punishment or successive prosecutions." (*United States v. Wilson* (1975) 420 U.S. 332, 344-345 [43 L.Ed.2d 232, 242] ["Since reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the

policy against multiple prosecution"].) We conclude the People's appeal is not barred by double jeopardy principles.

II

The People assert the trial court imposed an incorrect burden of proof on the prosecution at the evidentiary hearing when it required the prosecutor to prove the jury at defendant's original trial actually "utilized a still-valid theory of murder." According to the People, this burden of proof is inconsistent with the statutory language of section 1170.95 and the cases interpreting that language.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure that a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-844.) Before the passage of Senate Bill No. 1437, under the natural and probable consequences doctrine, a defendant was "liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense." (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248.) Senate Bill No. 1437 amended section 188 to state that malice may not be imputed to a person based solely on his or her participation in a crime. (§ 188, subd. (a)(3).) Thus, where the felony-murder rule is not at issue, a person must now act with malice to be convicted of murder. (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

Senate Bill No. 1437 also added section 1170.95, which created a procedure whereby persons convicted of murder under a felony-murder or natural and probable consequences theory may petition in the sentencing court for vacation of their convictions and resentencing. Senate Bill No. 775 (2021-2022 Reg. Sess.), which took effect January 1, 2022, clarified the procedure. (Stats. 2021, ch. 551, § 2.) As relevant here,

7

defendant is eligible for relief under section 1170.95 if he could no longer be convicted of murder due to changes to sections 188 and 189 made by Senate Bill No. 1437. (See § 1170.95, subd. (a)(3).) After a defendant has made a showing that he or she "has made a prima facie case for relief," the trial court must hold a hearing "to determine whether the petitioner is entitled to relief." (§ 1170.95, subds. (c), (d)(3).) At the hearing, the burden of proof is "on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The statute elaborates on the requirements for the hearing, saying, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. . . . A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The Legislature explained that it made these changes, in part, to reaffirm "that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Stats. 2021, ch. 551, § 1.) The interpretation of this statutory language is a question of law we review de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)

The parties agree that section 1170.95 requires the trial court to act as an independent fact finder and determine whether the prosecution has proven beyond a reasonable doubt that the petitioner is guilty of murder under the law as of January 1, 2019.[3] Given the plain language of section 1170.95, as amended by Senate Bill No. 775, we agree with the parties that the trial court needed to require the prosecution to "prove,

---

[3] The People initially disagreed with this conclusion, but later submitted a letter changing their position.

beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).)

The parties disagree as to whether the trial court applied this standard in the present case. Defendant argues the trial court "understood its duty to independently assess the evidence" and arrived at the correct conclusion. And, he asserts, the People have not suffered any prejudice even if the trial court applied the wrong standard of proof.

Although defendant is correct that several statements made by the trial court at the hearing suggest it was applying the correct burden of proof, the written decision issued by the trial court indicates it focused on the theory the jury relied on at trial rather than what the prosecution proved at the hearing.

The trial court cited *People v. Chiu, supra*, 59 Cal.4th 155, which permitted the affirmance of a conviction where a jury was instructed on both a legally incorrect theory and a legally correct theory, so long as the court could " 'conclude beyond a reasonable doubt that the jury based its verdict on the legally valid theory.' " The trial court reviewed the jury communications from defendant's trial to shed light on the basis for the jury's verdict. Based on those communications, the trial court determined the jury's verdict that defendant was guilty of murder was based on the natural and probable consequences theory. In rejecting the prosecution's argument that there was adequate evidence to convict defendant under a still-valid theory, the trial court concluded that "where there is solid evidence of the actual basis for the jury's verdict—as there is here— it would be inappropriate for the court to assess the sufficiency of the evidence related to theories the jury either rejected or did not reach."

9

Moreover, it is evident the application of the incorrect standard was prejudicial.[4] Both parties argue, and we agree, that prejudice in this instance is shown if there is a reasonable probability the court would have arrived at a different result absent the error. (*People v. Lewis* (2021) 11 Cal.5th 952, 974.)  As described above, the trial court ended the hearing by explaining it was considering whether the evidence could demonstrate defendant could be convicted under a still-valid theory of murder.  Explaining the basis in the record for a direct aider and abettor theory, the trial court asked rhetorically whether it was convinced of that, and said "I am kind of thinking I am."  Similarly, the trial court told the prosecutor, "I think you're getting me there on [the] direct aider and abettor [theory]."  Both of those statements suggest the trial court was, at least initially, persuaded by the prosecutor's argument that defendant could be convicted, beyond a reasonable doubt, on a direct aider and abettor theory, which would still be permissible. (*People v. Gentile, supra*, 10 Cal.5th at p. 848.)  Thus, had the trial court independently assessed the evidence, rather than attempting to determine which theory the jury at defendant's trial had relied on, it is reasonably probable the trial court would have made a different decision.[5]

Accordingly, we will reverse the order granting the petition and remand the matter to the trial court for a new section 1170.95, subdivision (d)(3) hearing applying the

---

[4] Defendant argues the People have forfeited the issue of prejudice, suggesting the People made only a conclusory argument for prejudice in their opening brief.  But the People's opening brief adequately explained in over two pages why the People believe there is a reasonable probability the prosecution would have prevailed under a different legal standard.

[5] Defendant characterizes the trial court's statements as merely "stream of consciousness comments" that should not be "legally binding for all future proceedings in the case." Although we conclude the comments demonstrate that the trial court's error was not harmless, we agree the trial court made clear it was only offering its tentative thoughts and is not bound by them on remand.

correct standard, as described by this opinion, where the trial court may articulate and explain its findings.  At the new hearing, the parties should be afforded the opportunity to present additional evidence, should they so request.

## DISPOSITION

The order granting defendant's petition for resentencing is reversed and the matter is remanded with directions to conduct a new hearing under section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775.

      /S/             

MAURO, J.

We concur:

      /S/          

ROBIE, Acting P. J.

      /S/          

DUARTE, J.